UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID WHITE,　　　　　　　　　　　　　　　　　Case No. 18 CV 6490
　　　　　　　　Plaintiff,

　　　　　　　　**COMPLAINT**

　　-against-

　　　　　　　　JURY DEMAND

THE CITY OF NEW YORK, P.O. KEVIN
PADILLA [SHIELD # 16328], P.O. GAVIER
ALMANZER [SHIELD # 9934], SERGEANT
MICHAEL T. NOCERINO [SHIELD # 491],
P.O. PATRICK CASIANO [SHIELD # 4363],
P.O. ANTHONY GECEVICE [SHIELD #
20437], P.O. SHEMAS REHMAN [SHIELD
# 2026], P.O. RICKEY DENG [SHIELD #
15988], P.O. DANIEL OLBRICH, and JOHN
DOE AND JANE DOE (the names John and
Jane Doe being fictitious, as the true names
are presently unknown),
　　　　　　　　Defendants.
-----------------------------------------------------------------X

Plaintiff, DAVID WHITE, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Kevin Padilla [Shield # 16328], P.O. Gavier Almanzer [Shield # 9934], Sergeant Michael T. Nocerino [Shield # 491], P.O. Patrick Casiano [Shield # 4363], P.O. Anthony Gecevice [Shield # 20437], P.O. Shemas Rehman [Shield # 2026], P.O. Rickey Deng [Shield # 15988], P.O. Daniel Olbrich, and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1.　　　This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Kevin Padilla [Shield # 16328] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Gavier Almanzer [Shield # 9934] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant Sergeant Michael T. Nocerino [Shield # 491] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Patrick Casiano [Shield # 4363] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant P.O. Anthony Gecevice [Shield # 20437] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant P.O. Shemas Rehman [Shield # 2026] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant P.O. Rickey Deng [Shield # 15988] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14. Defendant P.O. Daniel Olbrich was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

16. Defendants Padilla, Almanzer, Nocerino, Casiano, Gecevice, Rehman, Deng, Olbrich, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

17. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. On or about September 7, 2017, at approximately 6:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the vicinity of 362 Sutter Avenue, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 225.05 'Promoting gambling in the second degree' and N.Y. PL 240.35(2) 'Loitering'.

19. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

20. Prior to the arrest, plaintiff who works for Da-Ville Fish Fry which is located nearby at 446 Mother Gaston Boulevard had just delivered food at the aforesaid address and/or arrest location, and was returning back to his restaurant in the company of some of his friends when he was approached by defendant officers.

21. Upon approach, defendant officers immediately directed the plaintiff to place his hands behind his back.
22. Defendant officers then proceeded to place the plaintiff under arrest and tightly handcuffed the plaintiff with his hands placed behind his back.
23. Plaintiff enquired as to the reason for the arrest.
24. Defendant officers ignored the plaintiff's inquiries.
25. Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.
26. Plaintiff pleaded with defendant officers to remove or loosen the handcuffs.
27. Defendant officers ignored the plaintiff's entreaties to remove or loosen the handcuffs.
28. Eventually, defendant officers forcibly dragged and pulled the plaintiff into their police vehicle, and transported the plaintiff to NYPD-Housing Police Service Area 2 where he was interrogated by defendant officers.
29. After detaining the plaintiff at the precinct and/or station house for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.
30. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by Kings County District Attorney's Office.
31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed the charged crime/offense(s).
32. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.
33. Upon arraignment, plaintiff was informed that the case against him was adjourned in contemplation of dismissal.
34. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

35. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

36. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The conduct of defendant officers, as described herein, amounted to false arrest.

39. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. The conduct of defendant officers, as described herein, amounted to excessive use of force.

43. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

44. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

47. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

48. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

49. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

52. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

53. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

54. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

57. The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

58. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

62. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

63. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

66. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

67. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

68. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York ("SDNY") observed that the City had been accused of racial profiling on multiple occasions and

that it had settled at least one of the lawsuits brought against it concerning racial profiling.

69. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the SDNY observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

70. Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD alleging, among other things, that the officers fabricated evidence and falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Ramel King v. City of New York* (17 CV 4494); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Trevonne King v. City of New York* (16 CV 306); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Jeffy Holley v. City of New York* (15 CV 1202); *Crystal Whitfield v. City of New York* (14 CV 6085); *Tyrone Jackson v. City of New York* (13 CV 3589); *Terri Bradshaw v. City of New York* (13 CV 2991); *Javier Jones v. City of New York* (12 CV 3658); *Anthony Holley v. City of New York* (12 CV 2410).

71. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

72. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

73. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

74. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

75. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

76. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

78. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

79. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their

respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

80. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

81. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

83. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

84. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

86. The conduct of the defendants, as described herein, amounted to assault and battery.

87. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

88. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89. The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

90. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

91. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

93. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

94. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

95. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

97. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

98. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

99. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

101. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

102. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

103. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
November 14, 2018

                UGO UZOH, P.C.

                /s/

                _____

By:    Ugochukwu Uzoh (UU-9076)
         Attorney for the Plaintiff
         304 Livingston Street, Suite 2R
         Brooklyn, N.Y. 11217
         Tel. No: (718) 874-6045
         Fax No: (718) 576-2685
         Email: u.ugochukwu@yahoo.com